***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS, with modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties have been properly designated, and there is no question as to misjoinder or non-joinder of parties.
2. An employment relationship existed between plaintiff and defendant-employer Joseph Beall d/b/a Just Roofing during the relevant time period.
3. Defendant-carrier Continental Casualty Company did not stipulate to jurisdiction in this matter and did not waive any rights by executing the Pretrial Agreement.
 ***********
The following were entered into by the parties as:
 EXHIBITS
1. A collection of documents including Industrial Commission Forms, Medical records, discovery information, and insurance documents, collectively paginated 1-516 and marked as stipulated exhibit 1.
2. Three pages of information regarding defendant-employer's insurance coverage, marked as State's exhibit 1.
 *********** ISSUES
1. Whether insurance coverage was in force for defendant-employer Joseph Beall d/b/a Just Roofing on 8 April 2009?
2. Whether an employment relationship existed between defendant-employer Joseph Beall d/b/a Just Roofing and plaintiff pursuant to the Act? *Page 3 
3. Whether plaintiff suffered a compensable injury on 8 April 2009 while working for defendant-employer Joseph Beall d/b/a Just Roofing, and, if so, to what benefits is plaintiff entitled under the Act?
4. Whether any penalties should be assessed for defendant-employer Joseph Beall d/b/a Just Roofing's failure to provide workers' compensation insurance as required by the Act?
5. What was plaintiff's average weekly wage as of 8 April 2009?
 ***********
Given the foregoing stipulations, and based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was 42 years of age. Plaintiff graduated from high school. Plaintiff's work history consists solely of roofing and mechanical work.
2. In the past, plaintiff had been in a partnership with defendant-employer Joseph Beall d/b/a Just Roofing until plaintiff decided that he no longer wanted to be in the business of roofing and left the trade. Subsequently, plaintiff came back as an employee to work as a roofer for defendant-employer Joseph Beall d/b/a Just Roofing. This employer-employee relationship was in force on 8 April 2009.
3. Plaintiff received work assignments and instructions from Joseph Beall. Beall paid plaintiff and defendant-employer's other employees in cash every Friday. Plaintiff drove Beall's work truck to transport employees to and from defendant-employer's jobsites.
4. Defendant-employer employed Tim Henry, Jason Rogers, Craig Starling, Mike Palmer, and plaintiff. Plaintiff testified that Beall ran a crew of three to four people and that a *Page 4 
typical job required at least three people to install a roof.
5. Plaintiff earned $10.00 an hour to remove shingles and $17.00 a square to install shingles. There are approximately 15-20 squares on an average residential roof. Plaintiff installed 2-3 roofs per week during the periods that he was working. Plaintiff did not work consistently. However, when he did work, he worked only for Joseph Beall d/b/a Just Roofing. Plaintiff earned between $13,000.00 and $15,000.00 per year with Joseph Beall d/b/a Just Roofing.
6. Plaintiff's average weekly wage, based on a $14,000.00 per year in income, was $269.23. This yields a weekly workers' compensation rate of $179.49.
7. On 8 April 2009, while working for defendant-employer, plaintiff climbed a ladder while carrying materials up to a roof on which he was working. The ladder became unstable and slid, causing plaintiff to fall 24 feet. Plaintiff sustained a broken left leg and a broken left arm as a result.
8. Plaintiff was treated at Pitt Memorial Hospital. Plaintiff's left arm was in a cast for six weeks. Plaintiff underwent surgery and had 17 screws placed in his leg to reset the bone. Eventually, plaintiff's leg became infected and plaintiff underwent a below-the-knee amputation. Plaintiff remained in the hospital for an additional three weeks.
9. Plaintiff was treated at Brodie School of Medicine into November 2009. Plaintiff was fitted for a prosthetic in March 2010.
10. Defendant Joseph Beall d/b/a Just Roofing was aware of plaintiff's injury. Mr. Beall assured plaintiff that he would assist plaintiff by reporting the claim to the insurance company. Plaintiff has not received any financial assistance and has received minimal follow-up care because he has not been able to pay the medical expenses. Plaintiff relies upon his wife's income. *Page 5 
11. Plaintiff has not worked since the date of injury. Plaintiff has, however, made reasonable and diligent job searches. Plaintiff attempted to return to work with an auto parts store, but due to the frequent walking and/or kneeling required, he was unable to perform the job.
12. A policy was written for Joseph Beall d/b/a Just Roofing with effective dates of coverage of 6 April 2008 through 6 April 2009 by Continental Casualty Company.
13. On 23 January 2009, a notice of premium/nonrenewal was sent to Joseph Beall via regular mail 74 days before the date of expiration of the policy. In that notice, Continental Casualty Company requested payment of premiums prior to the expiration date of the policy (April 6, 2009). The renewal notice specifically stated that the policy would expire on the expiration date (April 6, 2009) if the premium was not paid.
14. No premium was received by Continental Casualty Company and the policy expired on 6 April 2009.
15. Thereafter, Joseph Beall d/b/a Just Roofing submitted an application for insurance dated 13 April 2009. The application and premium check in the amount of $5,001.00 was submitted to Continental Casualty Company on 13 April 2009. As a result, Joseph Beall d/b/a Just Roofing's policy was reinstated following a lapse. The reinstated policy had an effective date of 14 April 2009 to run through 6 April 2010. The reinstatement effective one day after postmark is in accordance with the Rate Bureau and WCIP requirements, table 1.
16. As a result of defendant-employer Joseph Beall d/b/a Just Roofing's failure to pay premium to Continental Casualty Company in a timely manner, no workers' compensation insurance coverage existed for Joseph Beall d/b/a Just Roofing from 6 April 2009 until April 13, 2009. The uninsured period includes 8 April 2009, plaintiff's date of injury. *Page 6 
 ***********
Given the foregoing stipulations and findings of fact, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. The Industrial Commission has jurisdiction over the parties and the subject matter of this case. N.C. Gen. Stat. § 97-2.
2. On 8 April 2009, while working in the course and scope of his employment for defendant-employer Joseph Beall d/b/a Just Roofing, plaintiff suffered an injury by accident as defined by the Act, sustaining compensable injuries his left leg and left arm. N.C. Gen. Stat. § 97-2(6).
3. Joseph Beall d/b/a Just Roofing was the duly-qualified employer at the time of the accident and is subject to the North Carolina Workers' Compensation Act, having employed the requisite number of employees to be bound under the provisions of the Act at the time of the compensable accident. N.C. Gen. Stat. § 97-2.
4. An employment relationship existed between plaintiff and defendant-employer Joseph Beall d/b/a Just Roofing at the time of the compensable accident and defendant-employer Joseph Beall d/b/a Just Roofing was uninsured at that time. N.C. Gen. Stat. § 97-2.
5. Plaintiff's average weekly wage at the time of the compensable accident was $269.23. This wage yields a weekly workers' compensation rate of $179.49. N.C. Gen. Stat. § 97-2(5).
6. As a result of the injuries sustained by plaintiff in the 8 April 2009 compensable *Page 7 
accident, plaintiff has been disabled since the date of accident and is entitled to have defendant-employer Joseph Beall d/b/a Just Roofing pay temporary total disability payments at the rate of $179.49 per week from 9 April 2009 and continuing until plaintiff returns to work or further Order of the Commission. N.C. Gen. Stat. § 97-29.
7. As a result of the injuries sustained by plaintiff in the 8 April 2009 compensable accident, plaintiff is entitled to have defendant-employer Joseph Beall d/b/a Just Roofing provide all medical treatment for plaintiff's back condition, incurred or to be incurred, necessitated by the 8 April 2009 compensable accident when bills for the same have been approved pursuant to Industrial Commission procedures. N.C. Gen. Stat. §§ 97-2(19); 97-25.
8. As a result of defendant-employer Joseph Beall d/b/a Just Roofing's failure to pay premiums in a timely manner, defendant-employer Joseph Beall d/b/a Just Roofing was uninsured from 6 April 2009 to 13 April 2009. N.C. Gen. Stat. § 58-36-110.
9. Any employer required to secure payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
10. Any person with the ability and authority to bring an employer into compliance with N.C. Gen. Stat. § 97-93 who fails to do so may be assessed a civil penalty by the Commission in an amount up to one hundred percent of the amount of compensation due that employer's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d). Joseph Beall, as owner of defendant-employer Joseph Beall d/b/a Just Roofing, had the ability and authority to bring that employer in compliance with N.C. Gen. Stat. § 97-93 and failed to do so. *Page 8 
 ***********
Given the foregoing stipulations, findings of fact, and conclusions of law, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 AWARD
1. Defendant-employer Joseph Beall d/b/a Just Roofing shall pay plaintiff temporary total disability payments at the rate of $179.49 per week from 8 April 2009 and continuing until plaintiff returns to work or further order of the Commission.
2. Defendant-employer Joseph Beall d/b/a Just Roofing shall pay all medical expenses incurred or to be incurred, necessitated by the 8 April 2009 compensable accident, when bills for the same have been approved pursuant to Industrial Commission procedures, subject to the provisions of N.C. Gen. Stat. § 97-25.1.
3. Defendant-employer Joseph Beall d/b/a Just Roofing is ordered to pay, to the State of North Carolina, penalties in the amount of $400.00, which represents $50.00 per day from 6 April 2009 through 13 April 2009, during which time defendant-employer Joseph Beall d/b/a Just Roofing failed to secure workers' compensation insurance coverage in accordance with the Workers' Compensation Act.
4. An additional civil penalty in the amount of 100% of the compensation due to plaintiff in this matter is assessed against Joseph Beall, individually, for failing to comply with N.C. Gen. Stat. § 97-93. The check shall be made payable to the North Carolina Industrial Commission and sent directly to the Assistant Attorney General at the Fraud Unit of the North Carolina Industrial Commission. *Page 9 
5. Defendant Continental Casualty Company is dismissed from this claim with prejudice.
6. Defendants shall pay costs.
This the ___ day of August 2011.
 S/_____________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________________ PAMELA T. YOUNG CHAIR
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER